J-S45012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAHEED O. SAUNDERS, | |
| Appellant | No. 28 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009795-2008

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED OCTOBER 21, 2019**

Appellant, Saheed O. Saunders, appeals *nunc pro tunc* from the post-conviction court's March 28, 2018 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel, Earl G. Kauffman, Esq., has filed a petition to withdraw from representing Appellant, along with an ***Anders***[1] brief. While a ***Turner/Finley***[2] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Kauffman's ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter.  ***See***

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

*Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter.") (citation omitted). After careful review, we are constrained to dismiss this appeal and grant counsel's petition to withdraw.

We need not set forth a detailed recitation of the facts of this case for purposes of reviewing Appellant's instant appeal. The PCRA court summarized the procedural history, as follows:

> On March 8, 2013, following a jury trial before this [c]ourt, [Appellant] … was convicted of one count each of second[-]degree murder (18 Pa.C.S. § 2502(b)), conspiracy to commit robbery (18 Pa.C.S. §§ 3701(a)(1)(i) [and] 903), robbery (18 Pa.C.S. § 3701(a)(1)(i)), kidnapping (18 Pa.C.S. § 2901(a)(1)), and carrying a firearm without a license (18 Pa.C.S. § 6106(a)(1)). [Appellant] was found not guilty of one count of first[-]degree murder (18 Pa.C.S. § 2502(a)). The [c]ourt immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(b)), with all other sentences to run concurrent to the murder charge. [Appellant] filed post-sentence motions, which the [c]ourt denied on June 28, 2013. [Appellant] was represented at trial and at sentencing by David Rudenstein, Esquire.
>
> On July 7, 2014, the Superior Court affirmed [Appellant's] judgment of sentence. [*Commonwealth v. Saunders*, 105 A.3d 783 (Pa. Super. 2014).] The Pennsylvania Supreme Court denied *allocatur* on December 31, 2014. [*Commonwealth v. Saunders*, 106 A.3d 725 (Pa. 2014).] [Appellant] then filed a *pro se* petition under the [PCRA] … on February 23, 2015. Mitchell Strutin, Esquire[,] was appointed to represent [Appellant] on August 5, 2015.
>
> On October 29, 2015, pursuant to [*Turner/Finley*], [Attorney] Strutin filed a letter stating there was no merit to [Appellant's] claims for collateral relief. On November 3, 2015, the [c]ourt issued a notice pursuant to Pa.R.Crim.P. 907 … of its

> intent to dismiss [Appellant's] PCRA Petition without an evidentiary hearing. [Appellant] filed a pleading styled as "Objections to *Finley* Letter" on November 20, 2015, which the [c]ourt deemed a response to the [Rule] 907 [n]otice. … On December 21, 2015, the [c]ourt formally dismissed [Appellant's] PCRA petition and granted [Attorney] Strutin's motion to withdraw his appearance.

PCRA Court Opinion, 4/6/16, at 1-2 (citation to record and footnote omitted).

Appellant filed a timely, *pro se* appeal from the court's December 21, 2015 order, arguing that his trial counsel acted ineffectively in failing to call an alibi witness, Sherry Lockett, at trial. This Court concluded that Appellant was entitled to an evidentiary hearing on that claim and, therefore, we vacated the order denying his petition and remanded for further proceedings. ***See Commonwealth v. Saunders***, No. 308 EDA 2016, unpublished memorandum at 4-6 (Pa. Super. filed April 6, 2017). We also directed the PCRA court to appoint Appellant new counsel on remand, and to permit counsel to file an amended PCRA petition on Appellant's behalf. ***Id.*** at 7-8.

On May 17, 2017, the court appointed Attorney Kauffman to represent Appellant. He filed an amended PCRA petition on Appellant's behalf on September 12, 2017. Therein, Attorney Kauffman reiterated that a hearing was required on Appellant's ineffectiveness claim regarding counsel's failure to call Lockett as an alibi witness. Counsel also explained that Appellant wished to assert that his mandatory sentence of life incarceration is illegal under ***Miller v. Alabama***, 567 U.S. 460, 479 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). However, Attorney Kauffman

stated that Appellant's *Miller* claim was meritless because Appellant was 21 years old at the time of the murder.

On March 28, 2018, the court conducted an evidentiary hearing at which Sherry Lockett testified. Lockett stated that she was with Appellant on the day of the murder. N.T. Hearing, 3/28/18, at 7. She claimed that he arrived at her house at approximately 5 p.m. and she was physically present with him until "about 7" when she "went upstairs to [her] bedroom." *Id.* She testified that she did not see him after 7 p.m. *Id.* Recognizing that the murder occurred around 8 p.m., the court concluded that Locket's testimony would not have helped Appellant's case, as she could not account for Appellant's whereabouts at the precise time of the crime. *Id.* at 33-35. Accordingly, the court found that trial counsel was not ineffective for failing to call Lockett to the stand, and it denied Appellant's petition. *Id.* at 41-42.

Appellant did not file a timely appeal. However, on August 20, 2018, he filed a *pro se* notice of appeal that was docketed by this Court at 2559 EDA 2018. On October 3, 2018, Attorney Kauffman filed a petition to withdraw the appeal, acknowledging that Appellant's *pro se* appeal was untimely. Thus, counsel requested that the appeal be withdrawn so he could file a PCRA petition seeking the reinstatement of Appellant's appeal rights. This Court issued an order granting counsel's petition to withdraw the appeal at 2559 EDA 2018 on November 1, 2018.

On November 30, 2018, Attorney Kauffman filed a PCRA petition seeking the reinstatement of Appellant's right to appeal from the March 28, 2018

order. Therein, counsel set forth the procedural history of the case, stated that Appellant had "advised counsel he wished to appeal" from the March 28, 2018 order, and asked that the PCRA court reinstate Appellant's right to do so. On December 7, 2018, the PCRA court granted Appellant's petition, and Appellant filed the present, *nunc pro tunc* appeal on January 2, 2019.

On February 26, 2019, Attorney Kauffman filed with this Court a petition to withdraw as counsel and ***Anders*** Brief, which we will treat as a ***Turner/Finley*** no-merit letter. Therein, counsel sets forth the three issues Appellant seeks to raise on appeal, which counsel concludes are meritless, as follows:

> 1. The PCRA court's dismissal of [] [A]ppellant's PCRA [p]etition following a Superior Court remand for an evidentiary hearing of a particular alibi witness.
>
> 2. [] [A]ppellant added three (3) alibi witnesses following the evidentiary hearing.
>
> 3. Whether [] [A]ppellant should be resentenced as a juvenile when he was 21 years old at the time of the homicide.

***Turner/Finley*** No-Merit Letter at 5.

In ***Turner***, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" ***Turner***, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in ***Finley***, were updated by this Court in ***Commonwealth v. Friend***, 896 A.2d 607 (Pa.

Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[3] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;
>
> 5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and
>
> 6) the court must agree with counsel that the petition is meritless.

**Friend**, 896 A.2d at 615 (footnote omitted).

We have received Attorney Kauffman's petition to withdraw and a brief that we will treat as his no-merit letter. He, therefore, meets the first prong of the above test. Counsel also sets forth each claim Appellant "wishes to have reviewed, and detail[s] the nature and extent of counsel's review of the

---

[3] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Kauffman filed his petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

merits of each of those claims[.]" *Id.* Attorney Kauffman explains why each issue is meritless. *See Turner/Finley* No-Merit Letter at 11-15. Accordingly, we find that Attorney Kauffman meets the second and third prongs of the revised *Finley* test as set forth in *Friend*. In regard to the fourth prong of the test for withdrawal, Attorney Kauffman properly forwarded to Appellant a copy of his petition to withdraw and his no-merit letter. He has also advised Appellant of his right to proceed *pro se* or retain private counsel.[4]

Next, this Court typically conducts our own independent review of the record to determine if the issues presented in Appellant's PCRA petition are indeed meritless. Here, however, we cannot undertake that assessment, as we are constrained to conclude that we lack jurisdiction over Appellant's appeal under this Court's recent decision in *Commonwealth v. Ballance*, 203 A.3d 1027 (Pa. Super. 2019). There, Ballance's counsel filed an untimely PCRA petition seeking the restoration of Ballance's right to file a direct appeal. The PCRA court granted that petition, and Ballance filed an appeal *nunc pro tunc*. Before addressing the issues Ballance asserted, however, this Court *sua*

---

[4] The original letter to Appellant filed by Attorney Kauffman erroneously framed Appellant's ability to respond to his petition to withdraw and no-merit letter as being contingent on this Court's granting the petition to withdraw. Accordingly, this Court issued a *per curiam* order on March 8, 2019, directing Attorney Kauffman to provide us with a letter addressed to Appellant informing of his *immediate* right to retain counsel or proceed *pro se*. On March 9, 2019, Attorney Kauffman filed a revised letter that complies with the *Turner/Finley* requirements. On June 6, 2019, Appellant filed a *pro se* brief, arguing that Attorney Kauffman has rendered ineffective representation.

*sponte* raised the question of whether "the PCRA court had jurisdiction to restore [Ballance's] rights to a direct appeal such that [his] appeal [was] properly before us for review." ***Id.*** at 1030-31. In so doing, the ***Ballance*** panel observed that,

> [t]he timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, … 956 A.2d 978 ([Pa.] 2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition." ***Commonwealth v. Laird***, 201 A.3d 160, 161–62 … ([Pa. Super.] 2018) (citing ***Commonwealth v. Bennett***, … 930 A.2d 1264 ([Pa.] 2007)). In other words, Pennsylvania law makes clear **no court** has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, … 837 A.2d 1157, 1161 ([Pa.] 2003) [(emphasis added). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.[] § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.[] § 9545(b)(3).

***Id.*** at 1031.

The panel in ***Ballance*** observed that Ballance's petition seeking the restoration of his direct appeal rights had been filed more than two years after his judgment of sentence had become final and, therefore, it was facially untimely. ***Id.*** at 1032-33. However, Ballance's court-appointed PCRA counsel had erroneously "assumed the petition was timely" and, thus, counsel had not attempted to plead and prove the applicability of any of the timeliness exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii). ***Id.*** at 1033. Moreover, "neither the trial court nor the Commonwealth challenged or even

addressed the jurisdictional matter." *Id.* Nevertheless, we stressed that, "[i]n the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement or neglect." *Id.* Thus, we held that, because Ballance had failed to satisfy any timeliness exception, "the PCRA court had no jurisdiction to restore [his] direct appeal rights *nunc pro tunc* via the untimely petition[,]" and this Court likewise had "no jurisdiction to entertain the appeal." *Id.* (citations omitted).

Unfortunately, we are bound by *Ballance* to dismiss Appellant's appeal for lack of jurisdiction. Here, Appellant's judgment of sentence became final on March 31, 2015, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Thus, Attorney Kauffman's November 30, 2018 petition seeking the restoration of Appellant's right to appeal from the court's March 28, 2018 order dismissing Appellant's first, timely PCRA petition was facially untimely. Attorney Kauffman did not plead or prove the applicability of any timeliness exception. Consequently, *Ballance* requires us to conclude that the PCRA court lacked jurisdiction to restore Appellant's right to file the present appeal, and we

likewise lack jurisdiction to entertain it.[5]  In light of this disposition, we grant Attorney Kauffman's petition to withdraw.

Appeal dismissed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/19

---

[5] The unjustified failure to file a requested appeal constitutes *per se* ineffectiveness.  **See Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999).  In **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), our Supreme Court held that the petitioner's discovery of his counsel's *per se* ineffectiveness constituted a newly discovered 'fact' that satisfied the timeliness exception of section 9545(b)(1)(ii), as the petitioner had pled applicability of the timeliness exception within 60 days of learning of his counsel's ineffectiveness, and he demonstrated that he could not have discovered it sooner with the exercise of due diligence.