OPINION BY BENDER, P.J.E.:
Appellant, Robert Lee Laird, appeals pro se from the post-conviction court's July 2, 2018 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 - 9546. We affirm.
As this Court previously summarized,
[o]n December 22, 2015, [Appellant] pled guilty to driving under the influence of alcohol at the highest statutory category for blood alcohol content ("BAC"). This was [Appellant's] second offense under the statute. Furthermore, he acknowledged that he had refused blood testing to determine his BAC. As a result, the crime was graded as a first-degree misdemeanor pursuant to 75 Pa.C.S.[ ] § 3803(b)(4).
The court imposed a sentence of time served, 90 days, to five years['] imprisonment. [Appellant] did not file post-sentence motions or a direct appeal.
Commonwealth v. Laird , No. 1109 MDA 2017, 2018 WL 2016270, unpublished memorandum at 1 (Pa. Super. May 1, 2018).
On November 30, 2016, Appellant filed a pro se PCRA petition. After the court appointed counsel and conducted a hearing, it denied Appellant's petition on June 20, 2017. Appellant filed an appeal, and this Court affirmed on May 1, 2018. See Laird, supra .
On May 24, 2018, Appellant filed his second, pro se PCRA petition, which underlies the present appeal. Therein, he averred that his counsel in his first PCRA petition was ineffective for failing to challenge the validity of his guilty plea and the legality of his sentence. On June 11, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as being untimely filed. On June 25, 2018, Appellant filed a pro se response, but on July 2, 2018, the PCRA court issued an order formally dismissing his petition.
Appellant filed a timely, pro se notice of appeal, and he also timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement. On August 7, 2018, the court issued a Rule 1925(a) statement, indicating that it was relying on the rationale set forth in its Rule 907 notice to support its dismissal of Appellant's petition.
In Appellant's pro se brief to this Court, he states the following issue for our review: "The issue in this case is if [j]udgement [sic ] by the lower court violates [Appellant's] right to effective assistance of counsel during a PCRA hearing." Appellant's Brief at 3.
This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal *162 error. Commonwealth v. Ragan , 592 Pa. 217, 923 A.2d 1169, 1170 (2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett , 593 Pa. 382, 930 A.2d 1264, 1267 (2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:
(b) Time for filing petition.--
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).
Here, Appellant's sentence was imposed on December 22, 2015, and he did not file a direct appeal; thus, his judgment of sentence became final on January 21, 2016. See 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Consequently, Appellant had until January 21, 2017, to file a timely PCRA petition, making his current petition filed on May 24, 2018, patently untimely. Accordingly, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).
Instantly, Appellant does not attempt to plead or prove the applicability of any timeliness exception. Instead, he contends that his current PCRA-counsel-ineffectiveness claims arose when his initial petition was denied, and the present petition was his first opportunity to assert those claims. Appellant further maintains that his instant petition should be considered as timely because he could not have filed it until after May 1, 2018, when his appeal from the denial of his first petition concluded. See Appellant's Brief at 10 (citing Commonwealth v. Lark , 560 Pa. 487, 746 A.2d 585, 588 (2000) (holding "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of time for seeking such review") (footnote omitted) ). Appellant also argues that we must consider his PCRA-counsel-ineffectiveness claims, regardless of the untimeliness of *163 his petition, because he has a right to effective representation of counsel in the litigation of his first PCRA petition.
Unfortunately for Appellant, our Supreme Court has made it clear that "there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel." Commonwealth v. Robinson , 635 Pa. 592, 139 A.3d 178, 186 (2016). Additionally, the Robinson Court clarified that it "has never suggested that the right to effective PCRA counsel can be enforced via an untimely filed PCRA petition." Id.
In light of Robinson , we cannot consider Appellant's ineffectiveness claims, where he has not pled or proven the applicability of any timeliness exception. Therefore, we are compelled to conclude that the PCRA court properly dismissed his untimely petition.[1]
Order affirmed.

We recognize that, under current precedent of our Supreme Court and this Court, Appellant has been deprived of the opportunity to challenge the effectiveness of his PCRA counsel. For instance, Appellant could not have raised this claim in response to a Rule 907 notice in his initial PCRA proceedings, because a hearing was conducted and no such notice was given. See Commonwealth v. Ford , 44 A.3d 1190, 1200 (Pa. Super. 2012) (en banc ) (holding that PCRA ineffectiveness claims may be raised in response to a Rule 907 notice). Appellant could also not have raised this claim for the first time on appeal from the denial of that first petition. See id. at 1201 (stating that PCRA counsel ineffectiveness claims cannot be raised for the first time on appeal). Moreover, while Ford permits petitioners to assert claims of PCRA counsel's ineffectiveness in a serial petition, Robinson mandates that such a petition must be timely. Here, Appellant could not have filed the present, serial petition in a timely fashion because his appeal from the denial of his first petition was pending until May 1, 2018, and Lark prohibited him from filing his present petition during the pendency of that appeal. Thus, Appellant's first opportunity to raise his PCRA counsel ineffectiveness claims was in the present petition, which he promptly filed after his prior PCRA appeal concluded. Unfortunately, that petition is untimely, and our Supreme Court has declared that ineffectiveness claims cannot satisfy a timeliness exception. See Commonwealth v. Wharton , 584 Pa. 576, 886 A.2d 1120, 1127 (2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citations omitted). Therefore, Appellant has been denied an opportunity to challenge his PCRA counsel's effectiveness, despite that he has the right to effective representation on collateral review. Nevertheless, we are compelled to adhere to the aforementioned precedent and affirm the order denying Appellant's present petition.