J-S18041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANDREW GONZALEZ | : | |
| Appellant | : | No. 95 MDA 2019 |

Appeal from the PCRA Order Entered December 31, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0005540-2005

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 24, 2019**

Appellant Andrew Gonzalez appeals from the Order entered in the Court of Common Pleas of Berks County on December 31, 2018, denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act.[1]  Following our review, we affirm.

Following a jury trial in 2006, Appellant was convicted of third-degree murder, 18 Pa. C.S.A. § 2502(c), and related crimes.[2]  Appellant's convictions arose out of events that occurred in the early morning hours of June 5, 2005, at which time Appellant and a group of others were attending a party at the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.  This is Appellant's sixth petition filed under the PCRA.
[2] These crimes included two counts of Aggravated Assault, one count of Firearms not to be Carried without a License, two counts of Possessing Instruments of Crime, one count of Recklessly Endangering Another Person, and four counts of Conspiracy.

_____

*   Former Justice specially assigned to the Superior Court.

home of a mutual friend. An altercation with the friend's neighbor ensued when a partygoer dropped a beer bottle from the third floor fire escape, and it shattered on the sidewalk outside of the apartment building. A short time later, Appellant and two co-defendants shot and killed the neighbor.

On July 28, 2006, Appellant was sentenced to a term of imprisonment of twenty (20) to forty (40) years for his conviction of Murder of the Third Degree with the Deadly Weapons Enhancement. Appellant timely appealed, and this Court affirmed his judgment of sentence on October 19, 2006, due to Appellant's failure to file a concise statement of matters complained on appeal. Appellant was permitted to file a direct *appeal nunc pro tunc*, and he did so on October 15, 2008. On June 26, 2009, this Court affirmed Appellant's judgment of sentence.

Appellant thereafter filed multiple PCRA petitions none of which resulted in relief. On October 4, 2018, Appellant filed the present petition *pro se* wherein he raised numerous issues related to the ineffectiveness of prior counsel. The PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss on December 7, 2018, and Appellant filed his "Petition in Opposition to Order and Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. (907)(A)" on December 27, 2018. The PCRA court dismissed Appellant's petition as untimely on December 31, 2018, and Appellant timely filed the instant appeal.

The PCRA court did not direct Appellant to file a concise statement of the matters complained of on appeal, and Appellant did not file a concise

statement. In its Opinion filed on January 18, 2019, the PCRA court indicated it previously and thoroughly had explained in its December 6, 2018, Order its reasons for dismissing the claims Appellant presented in his PCRA petition and asked that the appeal be denied as untimely based upon the reasoning contained therein.

In his appellate brief, Appellant presents numerous issues for this Court's review which we repeat verbatim:

> 1. Did the trial court err when it unreasonably applied the correct legal rule to the particular facts in determining the timeliness of [Appellant's] PCRA petition[?]
>
> 2. Did the trial court abuse its discretion in determining the particular facts, predjudice [Appellant] in complying with the state establish rules on presenting his layer of ineffectiveness counsel claims by failing to conduct a colloquy on the record[?]
>
> 3. Whether [Appellant] was deprived of an opportunity to litigate his claim of trial counsel ineffectiveness that resulteng [sic] in a violation of a fair and impartial jury trial, guaranteed of the 6th and 14th Amendment of the United States Constitution and Pennsylvania Constitution Article 1, Sec. 9 and Article V, Sec. 9[?]
>
> 4. Whether [Appellant] have a constitution right to an effective assistance of counsel guaranteed of the United States Constitution and Pennsylvania Constitution Article, I. Sec. 9 and Article V, Sec. 9[?]
>
> 5. Whether [Appellant] was completely denied of an effective assistance of counsel, guaranteed, of the 6th and 14th Amendment of the United States Constitution and Pennsylvania Constitution Article 1, Sec. 9 and Article V, Sec. 9[?]
>
> 6. Whether [Appellant] was deprived of a full and fair hearing with an adequate funded counsel, was a violation of the 6th and 14th Amendment of the United States Constitution and the Pennsylvania Constitution Article 1, Sec. 9, and Article V, Sec. 9[?]

Brief for Appellant at 4 (unnecessary capitalization omitted). Before we address the merits of Appellant's ineffectiveness claims, we must determine if the PCRA court had jurisdiction over the PCRA petition in question.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). "[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition." **Commonwealth v. Laird**, 201 A.3d 160, 162 (Pa.Super. 2018) (citing **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1267 (2007)). In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003).

The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Appellant herein "concedes he did not file the instant PCRA petition within one year of the date that his judgment became final." Brief for Appellant at 8.[3] Notwithstanding, he attempts to bring his petition within the jurisdiction

---

[3] Appellant was sentenced on July 28, 2006. After his direct appeal rights were reinstated, this Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal; therefore, Appellant's judgment of sentence became final on March 29, 2010, when the period for Appellant to file a petition for a writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is

of this Court by invoking the "governmental interference" and "unknown facts" exceptions to the PCRA time-bar. Neither exception is availing.

In the argument portion of his brief in support of these claims, Appellant's discourse is rambling and often indecipherable. His argument is comprised primarily of bald allegations that fail to show his untimely filing is the result of either governmental interference or the discovery of unknown facts not available to him prior to October 4, 2018. For example, Appellant complains that "during jury selection[,] trial counsel failed to make an objection as pose to, have . . . actual bias prospective jurors removed for cause and/or request for curative instructions and/or an mistrial." Appellant further reasons that "the trial court deprived [him of] an effective counsel on his second timely PCRA petition and/or the right to a free counsel after pursuant to Pa.R.Crim.P. 120(c), which prevented [Appellant] from raising his layer of ineffective assistance claims in complying with the states statutory rules. Brief for Appellant at 8, 12-13.

Appellant's unfocused and general allegations completely fail to prove an exception to the timeliness requirements set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Instead, they are repetitious of claims Appellant made in earlier PCRA petitions that trial and PCRA counsel had been ineffective and

filed with the Clerk of this Court within 90 days after entry of the judgment[ ]"). Thus, Appellant had until March 29, 2011, to file a timely PCRA petition.

which the PCRA court as well as this Court dismissed. In addition, his attempt to claim his inability to raise previously his allegations of biased jurors is belied by the record which reveals he had been present for jury selection in 2006. In light of the foregoing, the PCRA court was without jurisdiction to address the instant PCRA petition on its merits and, thus, rightly dismissed it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2019