J-S56034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD WEST | : | |
| | : | |
| Appellant | : | No. 1124 EDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011936-2009

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: DECEMBER 29, 2020**

Leonard West (West) appeals from the March 5, 2020 order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his second petition filed under the Post-Conviction Relief Act (PCRA).[1]  Because the petition is untimely, we affirm.

We briefly recount the procedural history of this case.  On January 26, 2011, West, after a jury found him guilty of attempted murder and related offenses, was sentenced to an aggregate term of 33.5 to 67 years' imprisonment.  On December 29, 2011, we affirmed the judgment of sentence and on July 10, 2012, the Pennsylvania Supreme Court denied West's petition

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

for allowance of appeal. ***Commonwealth v. West***, 40 A.3d 206 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 48 A.3d 1249 (Pa. 2012).

West filed his first timely *pro se* PCRA petition on August 9, 2012, and the PCRA court appointed counsel. Counsel filed an amended petition raising, among other issues, trial counsel's ineffectiveness for failing to: (1) present West's girlfriend as an alibi witness; (2) file a post-verdict motion challenging the weight of the evidence; (3) investigate the case and obtain expert witnesses; and (4) properly represent West. The PCRA court held an evidentiary hearing relating to the alibi defense but ultimately denied the petition.

PCRA counsel timely appealed. ***Commonwealth v. West***, 3823 EDA 2017, at *3-4 (Pa. Super. May 8, 2019) (unpublished memorandum). This court held that counsel had properly preserved the alibi claim but found trial counsel was not ineffective for failing to call West's girlfriend as an alibi witness. ***Id.*** at *4-6. We then held that PCRA counsel had waived all remaining issues on appeal by failing to specifically list them in his Pa. R.A.P. 1925(b) statement. ***Id***. at *7.

Shortly after we affirmed the denial of his first PCRA petition, on June 9, 2019, West filed a second *pro se* petition, using the standard, fill-in-the-blank form provided by the Pennsylvania Department of Corrections. The PCRA court then appointed current counsel who filed an amended petition asserting that prior PCRA counsel was ineffective in filing a deficient Pa. R.A.P.

- 2 -

1925(b) statement that led to the waiver of most of West's claims on appeal. Counsel did not plead any of the exceptions to the one-year jurisdictional time-bar in the amended petition.[2] The PCRA court issued a notice of intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907 and, after receiving no response, dismissed the petition. West timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.

Before considering the merits of the PCRA petition, we must first determine whether the petition is timely in accordance with the PCRA's jurisdictional time-bar.[3] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa.

_____

[2] We note that West's *pro se* form PCRA petition asserted that the petition was timely under the exception to the jurisdictional time-bar for claims predicated on facts that were unknown to the petitioner and could not have been ascertained through the exercise of due diligence. *See Pro Se* PCRA Petition, 6/7/19, at 2 (citing 42 Pa.C.S. § 9545(b)(1)(ii)). However, in outlining his claims in more detail, West only pled that he had been afforded ineffective assistance of counsel when his first PCRA counsel filed a deficient Pa. R.A.P. 1925(b) statement in his PCRA appeal. *Id.* at 3, 8. Counsel did not raise this argument in the amended petition in support of any exception to the time-bar. For the reasons discussed *infra*, even if counsel had pled ineffective assistance of counsel specifically as an exception to the jurisdictional time-bar, we would conclude that the argument was meritless.

[3] When reviewing the denial of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal quotation marks and citation omitted). Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

Super. 2018) (citation omitted); **see also** 42 Pa.C.S. 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

West's sentence became final in 2012 after our Supreme Court denied his petition for *allocatur* and he declined to seek further review by the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3). Because he did not file the instant petition until June 9, 2019, his petition is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements.

There are three exceptions to the PCRA's jurisdictional time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, a PCRA petitioner must present a claimed exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

As noted *supra*, West did not plead in his amended petition any of the enumerated exceptions to the jurisdictional time-bar. He fails to do the same in this appeal, opting instead to argue that the dismissal of his PCRA petition as untimely violates his right to substantive and procedural due process. More specifically, while acknowledging that our courts hold that ineffectiveness of counsel will not excuse an otherwise untimely PCRA petition, West insists that fundamental fairness mandates that we reach the merits of his claim of PCRA counsel ineffectiveness. **See** West's Brief at 15.

It is well-settled that the PCRA's jurisdictional time-bar is constitutional and the time for filing a petition may only be extended through one of the exceptions enumerated in the statute. **Commonwealth v. Burton**, 936 A.2d 521, 527 (Pa. Super. 2007); **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). "[T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Cruz**, **supra** (quoting **Commonwealth v. Robinson**, 807 A.2d 838, 845 (Pa. 2002) (internal quotations omitted)). Thus, West's bare assertions that the time-bar violates his right to substantive and procedural due process are insufficient to overcome the jurisdictional time-bar.

West asserts that his petition should be considered timely in the interests of fundamental fairness, as it was prior PCRA counsel's ineffectiveness that resulted in waiver of appellate issues in his first PCRA petition. However, our Supreme Court has made it clear that "there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel." **Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016); **see also Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."). This court has similarly rejected the argument that the time-bar should not apply to a second or subsequent petition when a petitioner seeks to challenge prior PCRA counsel's effectiveness. **See Commonwealth v. Laird**, 201 A.3d 160, 162-163 (Pa. Super. 2018).

Because West has not pled or proven the applicability of any of the statutory timeliness exceptions, we conclude that his petition is untimely. As neither the PCRA court nor this court has jurisdiction to consider the merits of an untimely PCRA petition, we affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/20