J-S51023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES A. LILLY | : | |
| | : | |
| Appellant | : | No. 887 MDA 2020 |

Appeal from the PCRA Order Entered June 16, 2020
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000147-2010

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MARCH 02, 2021**

Charles A. Lilly appeals from the order dismissing his second Post Conviction Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. Lilly argues that counsel on his first PCRA petition was ineffective for failing to file an appeal and contends that this argument meets the "newly discovered facts" exception to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). We affirm.

A jury convicted Lilly of numerous sexual offenses perpetrated against two minor female children, including four counts of Rape of a Child Less than 13 Years of Age. ***See*** 18 Pa.C.S.A. § 3121(c). The trial court found Lilly to be a sexually violent predator and sentenced him in 2011 to an aggregate term of 80 to 160 years' incarceration. We affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Lilly's petition for allowance of appeal on October 23, 2012. ***See Commonwealth v. Lilly***, 46 A.3d 827 (Pa.Super.

2012); ***Commonwealth v. Lilly***, 55 A.3d 523 (Pa. 2012). Lilly did not file a petition for writ of *certiorari* to the United States Supreme Court.

Lilly filed his first PCRA petition on October 11, 2013, alleging his trial counsel had been ineffective. The PCRA court denied the petition on February 17, 2016, following a hearing. According to the trial court docket, between May 2016 and March 2017, Lilly filed several *pro se* documents, including a "Letter from Defendant Requesting Information on His Appeal."[1]

In July 2018, Lilly filed a Motion to Correct Illegal Sentence *Nunc Pro Tunc*. The trial court denied the Motion in August 2018, but appointed counsel. The court noted that "even if [Lilly's] motion is construed to be a [PCRA] matter, it is totally untimely." Order, 7/31/18, at 1.

Lilly filed the instant PCRA petition, his second, through appointed counsel, on February 3, 2020. The petition argued his first PCRA counsel had been ineffective for failing to file an appeal upon the PCRA court's denial of his first petition. The petition did not address timeliness under the PCRA.

At the hearing on the petition, Lilly's attorney stated, "There is some indication in the file that Mr. Lilly did write to [first PCRA counsel] . . . July 29th of 2016, inquiring why in fact she had not filed an appeal." N.T., PCRA Hearing, 5/22/20, at 4. Lilly testified that he had not received any correspondence from his first PCRA counsel regarding an appeal, but had assumed she would file the appeal automatically, due to their conversation

---

[1] These filings are not in the certified record.

prior to the PCRA hearing. *Id.* at 6. Lilly acknowledged that in July 2016, he wrote to counsel to ask why she had not appealed. *Id.*

The court dismissed the petition. The PCRA court found Lilly's sentence became final on January 20, 2013, when the period for seeking a writ of *certiorari* with the United States Supreme Court expired. Trial Court Opinion, 6/15/20, at 3; *see also id.* at 2 (citing 42 Pa.C.S.A. § 9545(b)(3)).[2] The court concluded his petition was untimely as he filed it more than a year from that date – *i.e.*, after January 20, 2014. Trial Ct. Op. at 3; *see also id.* at 2 (citing 42 Pa.C.S.A. § 9545(b)(1) (providing a PCRA petition must be filed within one year of the date the petition becomes final, unless the petitioner pleads and proves a statutory timeliness exception).

The PCRA further court found Lilly "has neither alleged in his petition nor proven he meets one of the exceptions to the timeliness requirement." Trial Ct. Op. at 3. The PCRA court observed that a claim that PCRA counsel was ineffective must be presented in a timely PCRA petition. *Id.* at 4 (citing ***Commonwealth v. Robinson***, 139 A.3d 178, 186-87 (Pa. 2016), and ***Commonwealth v. Laird***, 201 A.3d 160, 163 (Pa.Super. 2018)). The court concluded that Lilly could not claim timeliness under the newly-discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), by alleging recent discovery of his attorney's failure to appeal, because Lilly sent a letter to the trial court

---

[2] Under this provision, a judgment becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Prothonotary on July 29, 2016, demonstrating his knowledge at least as of that date that PCRA counsel had not filed an appeal. *Id.* at 5.

Lilly appealed, and raises the following:

1. Whether the trial court erred in dismissing [Lilly's] second PCRA Petition as untimely when his previous counsel was ineffective *per se*[.]

2. Whether [Lilly] was denied due process by his previous PCRA Counsel's failure to file an appeal of the denial of [Lilly's] PCRA Petition.

Lilly's Br. at 7 (suggested answers omitted).

"Our standard of review is well settled." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020). "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Id.* (quoting *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa.Super. 2018)).

Lilly addresses both issues in a single argument. *But see* Pa.R.A.P. 2119(a) (requiring argument to be divided into as many parts as there are questions to be argued). Lilly argues that his first PCRA counsel's failure to file an appeal constitutes ineffectiveness *per se*. Lilly's Br. at 10. Lilly likens his case to *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018), and *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). *Id.* at 11-12. In those cases, the Supreme Court held that PCRA counsel's failure to a file a timely PCRA petition or an appellate brief – foreclosing the defendant's right to review – constituted ineffectiveness *per se*, and met the PCRA timeliness

exception for newly-discovered facts. Lilly claims he "clearly wanted [first PCRA counsel] to file an appeal, and sought information related to the same by writing to the Prothonotary." *Id.* at 13.

The time limitations imposed by the PCRA are jurisdictional, and we may not address claims made in an untimely petition. *Anderson*, 234 A.3d at 737. A PCRA petitioner must file a PCRA petition within one year of the date the judgment of sentence becomes final, or plead and prove that at least one of the three exceptions to the time-bar applies. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Here, as found by the PCRA court, Lilly filed his instant petition in 2020, in excess of one year of the date his judgment of sentence became final in 2014. *See id.* at § 9545(b)(3). Judicial review of his claim is therefore dependent upon his successfully pleading and proving a timeliness exception. Lilly has failed to do so for several reasons.

First, Lilly did not invoke any timeliness exception in his PCRA petition. He thus failed to "plead" his claim to the new facts exception. *See* 42 Pa.C.S.A. § 9545(b)(1). He also failed to make any such argument at the hearing before the PCRA court. He therefore waived any argument regarding the timeliness of his petition. *See* Pa.R.A.P. 302(a).

In any event, Lilly's current argument, that the failure of his first PCRA counsel to file an appeal constitutes ineffectiveness *per se* and renders his petition timely, is without merit. While a claim of ineffectiveness *per se* may, in limited circumstances, qualify a petition as timely under the newly-discovered facts exception, the petitioner must plead and prove to the PCRA

court that these new "facts" were previously unknown to the petitioner and could not have been ascertained by the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (providing a timeliness exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").[3]

Furthermore, the current version of the PCRA provides that the petitioner must file the petition within one year of the discovery of the new facts, if the claim arose on or after December 24, 2017. A petitioner must raise a claim arising before that date within 60 days of the date the petitioner could have first made the claim. **See** 42 Pa.C.S.A. § 9545(b)(2); Act 2018, Oct. 24, P.L. 894, No. 146, § 3.[4]

Here, even assuming Lilly's allegation of PCRA counsel's ineffectiveness *per se* holds water and that the one-year period applies – issues we do not reach – Lilly has not claimed that he exercised due diligence in discovering

---

[3] **See, e.g.**, **Peterson** , 192 A.3d at 1126, 1130-31, 1132 (finding second PCRA petition timely under newly-discovered facts exception where petitioner filed it within 60 days after this Court determined his PCRA counsel had filed his first petition one day past the deadline, and the second PCRA court found as a matter of fact petitioner had not realized his first petition was untimely until receipt of this Court's decision and petitioner could not have discovered counsel's error earlier through the exercise of due diligence); **Bennett**, 930 A.3d at 1266-67, 1272, 1274-75 (remanding upon finding second PCRA petition could qualify as timely under newly-discovered facts exception where petitioner filed it within 60 days of learning this Court had dismissed the appeal of his first petition due to PCRA counsel's failure to file a brief, and petitioner alleged he had acted with due diligence in ascertaining the status of his case).

[4] The petitions in **Peterson** and **Bennett** were subject to the 60-day deadline.

counsel's failure to appeal from the dismissal of his first petition and that he filed his second petition within a year of his discovery. To the contrary, Lilly has admitted that he discovered PCRA counsel had not filed an appeal at least as early as July 2016, well over three years before he filed the instant petition. As Lilly failed to plead and prove that he exercised due diligence in discovering the factual basis for his ineffectiveness claim and that he filed his petition within the subsequent year, his petition is untimely. The PCRA court therefore lacked jurisdiction to consider the merits of his claim, and we affirm the order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2021