J-A27027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY PICKENS | : | |
| | : | |
| Appellant | : | No. 540 EDA 2021 |

Appeal from the PCRA Order Entered February 25, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003698-2017

BEFORE:   PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 18, 2022**

Troy Pickens appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we quash.

Pickens, initially represented by Megan Schanbacher, Esquire, was found guilty, after a non-jury trial, of five counts each of dealing in the proceeds of unlawful activity, *see* 18 Pa.C.S.A. § 5111, tampering with public records or information, *see id.* at § 4911, tampering with records or information, *see id.* at § 4104, and securing execution of documents by deception, *see id.* at § 4114.  On January 3, 2019, the trial court sentenced Pickens, in the aggregate, to 49 to 98 months in prison, followed by five years of probation, as well as restitution.

Pickens, then represented by Michael Quinn, Esquire, filed timely post-sentence motions on January 11, 2019, seeking to modify his sentence and restitution. On February 8, 2019, the trial court granted the motion to modify restitution and denied the motion to modify sentence.

Pickens filed an untimely *pro se* notice of appeal of April 23, 2019,[1] which this Court ultimately quashed on March 26, 2020. **See Commonwealth v. Pickens**, 229 A.3d 371 (Pa. Super. Filed March 26, 2020) (unpublished memorandum). Subsequently, on April 13, 2020, Pickens filed the instant, *pro se* PCRA petition. The PCRA court appointed counsel, who ultimately filed a "no merit" letter pursuant to **Turner**/**Finley**[2] and moved to withdraw from representation. On January 29, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Pickens' PCRA petition and granted PCRA counsel's motion to withdraw. Pickens filed two *pro se* responses, and on February 25, 2021, the PCRA court dismissed Pickens' petition. Pickens filed a notice of appeal and complied with Pa.R.A.P. 1925(b).

Prior to addressing Pickens's claims, we must determine whether we have jurisdiction over this appeal. **See Commonwealth v. Laird**, 201 A.3d 160, 161-62 (Pa. Super. 2018) ("[T]he PCRA time limitations implicate our

---

[1] On June 21, 2019, Pickens filed a second untimely notice of appeal in which he purported to correct the order from which he appealed. However, this Court quashed Pickens's second notice of appeal in a *per curiam* order on September 23, 2019.

[2] **Commonwealth v. Turner**, 554 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

jurisdiction and may not be altered or disregarded in order to address the merits of the petition."); *see also* 42 Pa.C.S.A. § 9545(b)(1) (PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final).

Generally, to obtain review of a PCRA petition filed more than one year after the sentence became final; the petitioner must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions . . . the trial court has no power to address the substantive merits of the petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). We can *sua sponte* raise the timeliness of a PCRA petition because it implicates the court's jurisdiction. *See Commonwealth v. Hutchins*, 760 A.2d 50, 52 (Pa. Super. 2000).

Instantly, Pickens' judgment of sentence became final on March 11, 2019, when the time to file a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *Pickens*, *supra*; *see also Commonwealth v. Ballance*, 209 A.3d 1027, 1032-33 (Pa. Super. 2019) (concluding that when petitioner's direct appeal had been quashed, the PCRA's one-year requirement begins from date judgment of sentence became final, not from quashal of direct appeal). Thus, Pickens had one year, or until March 11, 2020, to timely file his first PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1); *Ballance*, *supra*. Accordingly, Pickens' PCRA petition, filed on April 23, 2020, is facially

untimely. Moreover, our review of Pickens' PCRA petition reveals that he has not pled and proven any of the timeliness exceptions to our jurisdiction. Accordingly, we are constrained to quash this appeal.[3]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2022

_____

[3] We observe that on February 23, 2021, Pickens filed a *pro se* "motion to correct amended petition response to 907(1) intent to dismiss" in which he challenged, for the first time, Attorney Quinn's effectiveness with regard to perfecting a direct appeal. *Pro Se* Filing, 2/3/21. Nevertheless, Pickens did not request the requisite leave to amend his underlying *pro se* PCRA petition. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012) (petitioner must request leave in Rule 907 response to amend petition to raise new trial counsel ineffectiveness claims not originally included in PCRA petition); **Cf. Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) (PCRA petitioner may raise claims challenging **PCRA counsel's** ineffectiveness at first opportunity, even on appeal). Thus, Pickens did not properly seek leave to amend his PCRA petition, and accordingly, we cannot address that claim either.