J-S21036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KIM LEE MCMULLEN :
:
Appellant : No. 4 MDA 2023

Appeal from the PCRA Order Entered December 12, 2022
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000150-1990

BEFORE: BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:        **FILED: JULY 19, 2023**

Kim Lee McMullen (McMullen) appeals from the December 12, 2022 order of the Court of Common Pleas of Huntingdon County (PCRA court) dismissing as untimely his serial petition filed pursuant to the Post-Conviction Relief Act (PCRA).[1]  We affirm.

We have previously summarized the lengthy procedural history of this case, which includes two trials, direct appeals, multiple PCRA petitions and various challenges in the federal courts.  **See Commonwealth v. McMullen**, 1269 MDA 2021, at *2-6 (Pa. Super. March 15, 2022) (unpublished memorandum).  Briefly, McMullen was convicted of second-degree murder in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq*.

1999 based on crimes he committed in 1985.[2]  His judgment of sentence was affirmed on appeal in 2000 and he has sought relief from that judgment in multiple petitions in state and federal courts since that time.

The instant petition, filed July 13, 2022, is McMullen's fourteenth.  He pled that his appellate counsel was ineffective for waiving meritorious issues on direct appeal from his conviction in 1999.  He further contended that prior PCRA counsel was ineffective for failing to raise these claims in his first PCRA petition, despite McMullen asking him to do so.  Thus, he concluded that he was deprived of effective assistance of counsel in litigating his first PCRA petition and that the PCRA process lacked an appropriate remedy for that failure.[3]  He did not plead any exception to the PCRA's jurisdictional time-bar but rather raised a general constitutional argument that ineffectiveness of PCRA counsel should provide a basis for overcoming the time-bar.

In response to the petition, the Honorable George N. Zanic, sitting as the PCRA court, issued an order titled "Administrative Order Governing

_____

[2] 18 Pa.C.S. § 2502(b).  At his first trial in 1990, McMullen was convicted of burglary and second-degree murder.  18 Pa.C.S. § 3502.  After a successful direct appeal, our Supreme Court remanded the case for a new trial on the murder charge while upholding the burglary conviction.  **Commonwealth v. McMullen**, 681 A.2d 717 (Pa. 1996).

[3] This Court affirmed the dismissal of McMullen's first PCRA petition which raised several claims of ineffective assistance of trial counsel in 2005.  **See Commonwealth v. McMullen**, 389 MDA 2004, at *13 (Pa. Super. Jan. 13, 2005) (unpublished memorandum), *allocator denied*, 125 MAL 2005 (Pa. Nov. 23, 2005).

Current and Future PCRA Proceedings" on November 2, 2022. In that order, the PCRA court explained that Huntingdon County, the 20th Judicial District, has a single judge, currently President Judge Zanic. The PCRA court recounted the lengthy procedural history of McMullen's case, which it characterized as "vexatious." *See* Administrative Order Governing Current and Future PCRA Proceedings, 11/2/22, at 3-4. It explained that McMullen's petitions have created hardship for the 20th Judicial District as both President Judge Zanic and its resident senior judge, the Honorable Stewart L. Kurtz, had previously served as Huntingdon County District Attorney. *Id.* at 4. Senior Judge Kurtz had prosecuted McMullen in his first trial in 1990 and President Judge Zanic had represented the Commonwealth in response to McMullen's federal *habeas corpus* petition. *Id.* Based on these conflicts of interest, the PCRA court opined that both jurists were unable to review the merits of any PCRA petition filed by McMullen.[4] However, it also held that "[i]t is axiomatic that courts, within reasonable limits, have the ability to restrict vexatious litigants from filing frivolous claims that serve only to harass and annoy other parties, waste judicial resources, or gain favorable decision by overwhelming the courts with sheer volume." *Id.* (citations omitted).

_____

[4] The order stated that Senior Judge Kurtz would be retiring at the end of 2022, at which point the 20th Judicial District will rely on non-resident senior judges who will be able to assist in the district less consistently.

Based on these unique circumstances, the PCRA court crafted an administrative order governing McMullen's case that determined (1) if a senior judge was sitting in the district when McMullen files a PCRA petition, the matter will be assigned to that senior judge; (2) if no senior judge is immediately available when McMullen files a petition, President Judge Zanic will review the petition only to determine if McMullen has raised "a colorable argument" that he has overcome the time-bar and, if so, he will request the Administrative Office of Pennsylvania Courts assign a senior judge to review the petition; and (3) if no colorable timeliness argument is pled and the petition is frivolous on that basis, President Judge Zanic will summarily dismiss the petition. *Id.* at 5-6.

McMullen filed a response to the administrative order reiterating his argument that the jurisdictional time-bar is unconstitutional as applied to challenges to PCRA counsel's ineffectiveness and objecting to a procedure that would require him to prove the merits of his claims before being entitled to review. He further contended that his numerous petitions were not vexatious, but merely the result of his attempts to navigate the PCRA process *pro se*.

On December 12, 2022, the PCRA court issued orders dismissing the petition for failing to allege facts that would satisfy the jurisdictional time-bar and denying McMullen's request for reconsideration of its administrative order. McMullen timely appealed. The PCRA court did not order him to file a concise

statement pursuant to Pa. R.A.P. 1925(b) and referred to its administrative order in lieu of an opinion pursuant to Pa. R.A.P. 1925(a).[5]

On appeal, McMullen asserts that the PCRA court was without jurisdiction to consider the merits of his challenge to the PCRA's jurisdictional time-bar because of its conflict of interest in the case. *See* McMullen's Brief at 2 (Statement of Questions Involved). However, he dedicates the remainder of his brief to his argument that the time-bar unconstitutionally infringes on his right to counsel in PCRA proceedings and to the merits of the ineffectiveness claims pertaining to his PCRA counsel. Moreover, in his reply brief, he contends that the Commonwealth's argument in support of the administrative order is "irrelevant" to the issues he raised on appeal. McMullen's Reply at 1. Because he develops no argument in relation to the propriety of the PCRA court's administrative order and cites no law in support of the proposition that the PCRA court could not consider his claims, this argument is waived. *See Commonwealth v. Patterson*, 180 A.3d 1217, 1229 (Pa. Super. 2018) (holding that failure to include citation to relevant

_____

[5] When reviewing the denial of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal quotation marks and citation omitted). Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

authority or to develop issue in any other meaningful fashion capable of review results in waiver of claim).

Accordingly, we proceed to consider whether McMullen's petition was properly dismissed as untimely. "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. 9545(b)(1). [A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

McMullen's judgment of sentence became final in 2000 and the instant petition, filed in 2022, is facially untimely. As a result, he must plead and prove one of the exceptions to the PCRA's timeliness requirements. 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (outlining exceptions to the jurisdictional time-bar based on interference by government officials, newly-discovered facts or newly-recognized constitutional rights). In addition, he must present the claimed exception within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). Finally, "an issue is waived if the petitioner could

have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Instantly, McMullen claims that PCRA counsel in his first petition was ineffective for failing to challenge direct appeal counsel's ineffectiveness, as on direct appeal from McMullen's 1999 trial, this Court held that multiple issues were waived based on inadequate briefing. *See Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000), *allocator denied*, 187 MDA 2000 (Pa. Sept. 27, 2000). He does not contend that he has raised this argument within 60 days of the date the claim could have been presented,[6] 42 Pa.C.S. § 9545(b)(2), nor does he explain why this claim was not waived for failure to plead it in one of his many prior post-conviction proceedings, 42 Pa.C.S. § 9544(b). For these reasons alone, his claim fails.[7]

---

[6] The version of the PCRA in effect at the time of McMullen's direct appeal and first PCRA proceedings required that time-bar exceptions be raised within 60 days of when they first could be presented. The current version of the statute allows a petitioner one year to present a claim to overcome the time-bar. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective Dec. 24, 2018; 42 Pa.C.S. § 9545(b)(2).

[7] We reached the same conclusion when McMullen raised a challenge to the jurisdictional time-bar in his most recent appeal in this Court. *McMullen*, 1269 MDA 2021, at *9-10. We rejected his argument that the time-bar infringes on his statutory right to counsel and due process rights in PCRA proceedings. *Id.* (citing *Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013)). The current appeal merely recasts the statutory argument in constitutional terms. We additionally held that he was not entitled to relief under *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), as it was decided after his conviction became final, applied specifically to timely PCRA petitions, and he had not explained why he did not challenge his first PCRA

*(Footnote Continued Next Page)*

- 7 -

McMullen argues that Section 9544(b)'s waiver provision and Section 9545(b)(4)'s prohibition on bringing a government interference claim based on defense counsel's actions are unconstitutional as applied to his ineffectiveness claims. However, it is well-settled that the PCRA's jurisdictional time-bar is constitutional and the time for filing a petition may only be extended through one of the exceptions enumerated in the statute. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). [T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Id.** (citation omitted). Additionally, our Supreme Court has made clear that there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel."[8] **Commonwealth v.**

---

counsel's effectiveness at any point in the nearly twenty years since that proceeding concluded. **McMullen**, 1269 MDA 2021, at *12-14.

[8] While ineffectiveness *per se* may form the basis for the newly-discovered facts exception to the time-bar, the petitioner must plead and prove that he acted with due diligence to uncover the ineffectiveness and that he filed his petition within the time-bar's one-year or 60-day deadline after discovering that fact. **Commonwealth v. Peterson**, 192 A.3d 1123, 1130-31 (Pa. 2017). As explained *supra*, McMullen cannot meet this requirement, as he has filed his petition nearly 20 years after his first PCRA proceedings concluded. He also does not raise claims of ineffectiveness *per se*, as both appellate counsel and PCRA counsel properly preserved and litigated a double jeopardy issue in those proceedings. **See Commonwealth v. McMullen**, 745 A.2d 683 (Pa. Super. 2000), *allocator denied*, 187 MDA 2000 (Pa. Sept. 27, 2000); **Commonwealth v. McMullen**, 389 MDA 2004 (Pa. Super. Jan. 13, 2005) (unpublished memorandum), *allocator denied*, 125 MAL 2005 (Pa. Nov. 23, 2005).

***Robinson***, 139 A.3d 178, 186 (Pa. 2016); ***see also Commonwealth v. Laird***, 201 A.3d 160, 162-163 (Pa. Super. 2018) (finding no time-bar exception in a second or subsequent petition when a petitioner seeks to challenge prior PCRA counsel's effectiveness).

Because McMullen has not pled or proven the applicability of any of the statutory timeliness exceptions, his petition is untimely. As neither the PCRA court nor this Court has jurisdiction to consider the merits of an untimely PCRA petition, we affirm the order dismissing the petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2023