J-S23010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAAD MASOOD | : | |
| | : | |
| Appellant | : | No. 3 EDA 2021 |

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0049758-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAAD MASOOD | : | |
| | : | |
| Appellant | : | No. 4 EDA 2021 |

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0001513-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAAD MASOOD | : | |
| | : | |
| Appellant | : | No. 5 EDA 2021 |

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0001514-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
        v.                       :
                                :
                                :
SAAD MASOOD                  :
                                :
               Appellant       :      No. 6 EDA 2021

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0002950-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
        v.                       :
                                :
                                :
SAAD MASOOD                  :
                                :
               Appellant       :      No. 7 EDA 2021

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0008592-2011

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 17, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

Saad Masood appeals from the order,[1] entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On May 25, 2011, Masood entered negotiated guilty pleas, under five separate criminal dockets, to two counts of defiant trespass[2] and one count each of harassment—physical contact,[3] terroristic threats,[4] and violation of a protective order.[5]  That same day, the trial court sentenced him to an aggregate term of seven years of probation.  Masood did not file post-sentence motions or a direct appeal.  On May 4, 2012, Masood filed a *pro se* PCRA petition, which he withdrew on November 11, 2012.  On November 26, 2012, Masood filed a motion for early termination of probation, and on January 23, 2013, the trial court terminated Masood's probation for completing mental health and anger management treatment.  **See** Short Certificate, 1/23/13.

---

[1] Masood has filed five notices of appeal, one at each docket number. Therefore, Masood has complied with the requirements of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that, after June 1, 2018, separate notices of appeal must be filed for each lower court docket number or appeal will be quashed).  **See also Commonwealth v. Johnson**, 236 A.3d 63, 66 (Pa. Super. 2020) (en banc) (revisiting **Walker** requirements); Pa.R.A.P. 341(a).

[2] 18 Pa.C.S.A. § 3503(b)(1)(v).

[3] 18 Pa.C.S.A. § 2709(a)(1).

[4] 18 Pa.C.S.A. § 2706(a)(1).

[5] 18 Pa.C.S.A. § 4955.

On November 12, 2013, Masood filed a *pro se* PCRA petition, asserting eligibility for relief under §§ 9543(a)(i)-(vi) and an exception to the timeliness requirements under §§ 9545(b)(1)(i)-(iii).  In this petition, Masood argued only that the charges against him of terroristic threats and harassment were "purely accusatory," "superfluous," and the result of "racial bias and the practice of fascism" at the University of Pennsylvania and in this Commonwealth.  *Pro Se* PCRA Petition, 11/23/13, at 3-4.  The trial court appointed Christopher J. Evarts, Esquire, as PCRA counsel.  On October 1, 2014, Attorney Evarts filed a **Turner/Finley**[6] "no-merit" letter with the PCRA court and moved to withdraw as counsel, noting that Masood's PCRA petition was untimely and that Masood failed to plead and prove an exception to the PCRA's time-bar.  After issuing its Pa.R.Crim.P. 907 notice of intent to dismiss Masood's petition on February 27, 2015, and having received no *pro se* response from Masood, the PCRA court dismissed the petition on March 26, 2015, and granted counsel permission to withdraw.

On October 15, 2019, Masood filed another *pro se* PCRA Petition, requesting a new trial and reinstatement of his direct appeal rights *nunc pro tunc*.  The court appointed Margeaux Cigainero, Esquire, as PCRA counsel on December 23, 2019.  On September 9, 2020, Attorney Cigainero filed a **Turner/Finley** "no-merit" letter with the PCRA court, and on September 21, 2020, the PCRA court issued its Rule 907 notice of intent to dismiss Masood's

---

[6] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

petition. Masood did not file a *pro se* response. The Court dismissed Masood's

PCRA petition without a hearing on November 4, 2020. Attorney Cigainero

filed a motion to withdraw as counsel on November 12, 2020, which the PCRA

court granted.

On November 23, 2020, the court appointed Matthew Sullivan, Esquire,

as counsel for Masood, and on December 2, 2020, Attorney Sullivan timely

filed a notice of appeal for Masood from the court's November 4, 2020, order

dismissing his petition. On January 11, 2021, the court ordered Masood to

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

In lieu of that statement, on February 3, 2021, Attorney Sullivan submitted

his notice of intent to file an **Anders**/**Santiago**[7] brief and withdraw as counsel

pursuant to Pa.R.A.P. 1925(c).[8] Counsel filed an **Anders** brief on May 10,

2021. Masood filed a *pro se* response thereto on June 16, 2021, asserting

---

[7] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[8] We note that counsel erroneously seeks to withdraw under the **Anders v. California**, 386 U.S. 738 (1967) standard for withdrawal instead of **Turner** and **Finley**. **See Commonwealth v. Smith**, 700 A.2d 1301 (Pa. Super. 1997) (counsel seeking to withdraw from representation on direct appeal must satisfy the **Anders** requirements, whereas counsel seeking to withdraw from post-conviction representation under the PCRA must satisfy the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc)). Since an **Anders** brief provides greater protection to a defendant, however, this Court may accept an **Anders** brief instead of a **Turner**/**Finley** letter. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n. 2 (Pa. Super. 2011).

that the court erred in dismissing his PCRA petition where he is eligible for PCRA relief.

Before reviewing the merits of Masood's appeal, we must determine whether counsel has satisfied the procedural requirements for withdrawal from representation. *See Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016). Our Supreme Court has stated that competent counsel must independently review the record before withdrawal shall be permitted. *Turner*, *supra* at 928, citing *Pennsylvania v. Finley*, 481 U.S. 551, 558 (1987). Such independent review requires proof of: (1) a "no-merit" letter from PCRA counsel detailing the nature and extent of her review; (2) the "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; and (3) PCRA counsel's explanation, in the "no-merit" letter, as to why the petitioner's issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009); *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012). Additionally, the PCRA or appellate court must independently review the record and agree that the petition was meritless. *See id.*

In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 206), this Court announced an additional prerequisite requirement for counsel seeking to withdraw in collateral proceedings:

> that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the

application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Id.* at 614.[9]

Here, counsel has substantially complied with the **Turner**/**Finley** and **Friend** requirements. Counsel has detailed the nature and extent of his review, served a copy of his petition to withdraw and brief upon Masood, and informed Masood of his right to proceed *pro se* or with privately retained counsel. Additionally, counsel raised Masood's issues in the form of a brief and explained why his claims are meritless.[10] We now turn to an independent review of the record to determine whether his claims merit relief.

---

[9] This Court's holding in **Friend** was subsequently overruled on other grounds by the Supreme Court in **Pitts**. However, the additional requirement that counsel provide copies of the relevant documentation to the petitioner remains intact. **Widgins**, **supra** at 818 (Pa. Super. 2011).

[10] Attorney Sullivan explains in his **Anders** brief, in relevant part, that:

> [Masood]'s *pro se* PCRA petition alleged that a "stay away order" and "open charges" constituted governmental interference that excused the petition's untimeliness. [] The petition did not offer dates as to when the alleged interference began or ended, nor did the petition expound upon the alleged interference by governmental officials. Therefore, this claim has no merit.
>
> The Pennsylvania Supreme Court has held that a lawful court order cannot be considered governmental interference. **See Commonwealth v. Howard**, 788 A.2d 31, 354 (Pa. 2002). [] Masood did not allege that either the stay-away order or open charges were unlawful.

* * *

*(Footnote Continued Next Page)*

Before we address the substance of Masood's claims, we are compelled

to take note of the deficiencies in his appellate brief.[11]  In contravention of our

Rules of Appellate Procedure, Masood has failed to include a statement of the

_____

[Masood] might argue that the governmental interference exception applies based on allegations that attorneys from the Philadelphia Defender Association, [who] represented him, fraudulently convinced him to withdraw a timely-filed PCRA petition.  First, there is no objective evidence to substantiate such a claim.  Moreover, . . . the Pennsylvania Supreme Court has noted that [the PCRA] "specifically exclude[s] 'defense counsel' from [the definition of government] officials."  ***Commonwealth v. Yarris***, 731 A.2d 581, 587 (Pa. 1999)[; 42 Pa.C.S.A. § 9545(b)(4)].

* * *

[Masood's] *pro se* PCRA petition [also] asserted that two letters from the University of Pennsylvania, both dated 2013, constituted [newly]-discovered evidence to excuse the petition's untimeliness.  . . .  The PCRA petition did not detail when [] Masood obtained the letters.  It also did not demonstrate the applicability of any of the four factors necessary to obtain relief under the after-discovered evidence exception[, ***see Commonwealth v. Small***, 189 A.3d 961, 969 (Pa. 2018)].

***Anders*** Brief, 5/10/21, at 8-10.

[11] Foreshadowing Masood's blatant disregard for our Rules of Appellate Procedure and apparent lack of appreciation for the seriousness of these proceedings, Masood identifies himself on the front page of his *pro se* response to counsel's ***Anders*** brief (Brief of Appellant) as "Saad Masood, (the fallen son of a tigress and [] fallen hero (a martyr)) – himself in a temporary state of cathood (meow) or [] Black Pantherhood."  ***See id.*** at 1 (unnecessary capitalization omitted).  Masood notes that he "has no issue taking this [matter] to the Supreme Court of the United States of America.  If Philadelphia wants national coverage and a public humiliation[,] . . . then a public 'freak' show and humiliation is what will be provided for the spectators and the entertained."  Brief of Appellant, at 38.

court's jurisdiction,[12] a statement of the order in question, this Court's scope and standard of review, a statement of the questions involved, and a summary of his argument, as required by Pa.R.A.P. 2111(a). Nor does Masood include a statement of the case pursuant to Pa.R.A.P. 2117(a). Moreover, the forty-four-page argument section of Masood's *pro se* appellate brief does not contain a single citation to the record aside from citations to counsel's **Turner**/**Finley** "no-merit" letter. **See** Brief of Appellant, at 10, 21, 30.

It is well-settled that appellate briefs must conform materially to the requirements of the appellate rules and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497–98 (Pa. Super. 2005); Pa.R.A.P. 2101. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa. Super. 2017). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003). Furthermore, it is an appellant's duty to present in its brief arguments that are sufficiently developed for our review. **Commonwealth v. Gould**, 912

_____

[12] Rather than proffer any legal authority to establish this Court's jurisdiction, Masood argues that "the English language" defines jurisdiction as "whatever the definer may see fit. Words and definitions in themselves are not inherently good or bad: this is a philosophical question[.]" **See** Brief of Appellant, at 16-20.

A.2d 869, 873 (Pa. Super. 2006). The brief must support the appellant's claims with pertinent discussion, with references to the record, and with citations to legal authorities. *Id.*; Pa.R.A.P. 2119(a), (b), (c). Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b). "[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal." *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002).

Because Masood's brief is utterly deficient in all areas and effectively hinders any attempt by this Court to conduct effective appellate review, we are constrained to conclude that Masood's claims on appeal are waived. *Id.*

In addition to finding Masood has waived his claims for failing to adhere to our Rules of Appellate Procedure and develop them with citations to the record and relevant legal authority, he has failed to establish eligibility for PCRA relief where he is not currently serving a sentence for the crimes underlying this petition. *See* 42 Pa.C.S.A. §§ 9543(a)(1)(i) (petitioner must plead and prove that he was convicted of crime and is currently serving sentence of imprisonment, probation, or parole for that crime); *see also* Brief of Appellant, at 48 (claiming section 9545(a)(1)(i) is satisfied where "another related case . . . is currently in appeal status"). Furthermore, Masood failed to invoke this Court's jurisdiction by pleading and proving the timeliness of his

PCRA petition.[13] It is well-settled that the PCRA's time-bar implicates the

jurisdiction of this Court and may not be disregarded to address the petition's

_____

[13] Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii). A PCRA petition invoking one of these statutory exceptions must be filed within one year from the date the claim arises. *See id.* at § 9545(b)(2); *see also* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018] (amending subsection 9545(b)(2) to enlarge the time in which petitioner may invoke PCRA time-bar exception from 60 days to one year from the date the claim arises, applicable only to claims arising on December 24, 2017, or thereafter). Here, Masood's judgment of sentence became final on June 24, 2011, upon the expiration of the thirty-day timeframe for seeking direct review with this Court. The instant petition, filed over 8 years later, is patently untimely. Masood fails to plead and prove an exception to the timeliness requirement for his petition.

Masood argues that the failure to raise his claim previously was the result of interference by governmental officials in violation of the laws or Constitutions of Pennsylvania or the United States. 42 Pa.C.S.A. § 9545(b)(1)(i). Specifically, Masood argues that "[t]he stay-away orders were unlawful because the very people whom [Masood] was asked to stay away from[] held the solution to the problem and the key to the [] success in fixing the problem. . . . This amounted to obstruction of justice on the part of the Commonwealth of [Pennsylvania] and the University of Pennsylvania[.]" Brief of Appellant, at 37. To the contrary, the trial court imposed a stay away order on Masood from the University of Pennsylvania because of his prior terroristic threats and defiant trespass after the University banned him from their premises, and his violation of a protective order. The trial court was within its discretion to order Masood to stay away from the University of Pennsylvania because of his criminal misconduct. Thus, the order was lawful and not governmental interference. *See Commonwealth v. Howard*, 788 A.2d. 351, 354 (Pa. 2002) ("We do not see how a proper court order can, in any fashion, be perceived as governmental interference.").

As for Masood's claim that a letter dated October 20, 2013, constitutes a newly-discovered fact excusing the untimeliness of his October 15, 2019 petition, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), he fails to establish that this fact was unknown to him and could not have been ascertained through due
*(Footnote Continued Next Page)*

merits. **Commonwealth v. Laird**, 201 A.3d 160, 161-62 (Pa. 2018). Finally,

our independent review of the record confirms that, even if we were to address

the merits of Masood's petition, Masood has not raised any non-frivolous

issues.[14]

_____

diligence. Specifically, Masood does not indicate that he received the letters any time after 2013. He notes only that "the exact date of the letter is October 20th, 2013[,] as indicated by the date on the letter itself." Brief of Appellant, at 10.

[14] Masood argues that he is eligible for relief under section 9543(a)(2)(vi) based on after-discovered evidence—the October 20, 2013, letter. **See id.**; **see also Commonwealth v. Pagan**, 950 Pa. 270, 292 (Pa. 2008) (petitioner must establish that evidence (1) could not have been obtained prior to trial through due diligence; (2) is not merely corroborative or cumulative; will not be used solely to impeach witness; and (4) would likely result in different verdict). In arguing that such evidence would likely result in a different verdict in the event of a new trial, Masood argues that "[j]uries in Pennsylvania can be sympathetic to people who display eccentricity due to mental health reasons or think deeper or broader than establishments will allow them. . . . Even[ a] state road is a beautiful place with swans. Appreciate." Brief of Appellant, at 20. We find this unpersuasive. Moreover, Masood fails to sufficiently explain why this evidence is not merely corroborative or cumulative. **See id.** at 13 ("A few words as proof that the letter is not cumulative: Breath, life, today, tomorrow, alive, still going. What comes tomorrow good or bad will be added on to the record.").

In arguing eligibility for PCRA relief under section 9543(a)(2)(iv), "[t]he improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court[,]" Masood argues that "the law needs participants[;] without participants, the law is moot, it is theoretical with no practical value. It is like frozen yogurt." Brief of Appellant, at 34. He continues: "The tools of a stay-away order and a Protection From Abuse cannot be used . . . for fixing or righting a wrong. If they are, then the state itself is guilty of wrong-doing[ and] obstruction of justice[.]" **Id.** No relief is due, as courts in this Commonwealth have statutory authority to issue stay-away and Protection From Abuse orders. **See** 23 Pa.C.S.A. § 6101 et. seq. (Protection From Abuse).

Order affirmed.  Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/2021