J-S29045-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :     IN THE SUPERIOR COURT OF
                                       :              PENNSYLVANIA

                Appellee         :

                           : 

                 v.                  :

                           :

ERIC C. MCCOLLISTER,               :

                           :

               Appellant      :         No. 1666 EDA 2020

Appeal from the PCRA Order Entered August 18, 2020
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002043-2007

BEFORE:     PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 27, 2021**

Appellant, Eric C. McCollister, appeals *pro se* from the order entered in the Court of Common Pleas of Montgomery County dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history have been set forth previously by this Court as follows:

> Although he was represented by several different attorneys prior to trial, [Appellant] acted *pro se* at his 2008 jury trial. The Commonwealth presented evidence that in 2006, [Appellant] broke into the home of his former employer, beat him, poured dishwashing liquid over him, and stole $8,000 in cash from a dresser drawer. *See* Trial Court Opinion, filed October 19, 2009, at 2. The jury convicted [Appellant] of burglary, criminal trespass, two counts of robbery, two counts of aggravated assault, and simple assault.

*Retired Justice specially assigned to the Superior Court.

[Appellant] was represented by counsel at his sentencing hearing. The Commonwealth presented evidence that [Appellant] had twice been convicted in Delaware for burglaries of residences where people were present. Due to the prior convictions, the court imposed a 25-year, mandatory minimum sentence under Pennsylvania's "three strikes law." *See* 42 Pa.C.S.A. § 9714(a)(2). The aggregate sentence was 40 years to life imprisonment. [Appellant] filed a post-sentence motion and direct appeal. This Court affirmed [Appellant's] judgment of sentence on August 30, 2010. *See Commonwealth v. McCollister*, 11 A.3d 1042, No. 1401 EDA 2009 (Pa. Super. 2010) (unpublished memorandum). [Appellant] did not seek review in the Supreme Court of Pennsylvania.

[Appellant] filed a *pro se* PCRA petition on January 5, 2015. The PCRA court appointed counsel, who filed an Amended Petition. The PCRA court issued notice of its intent to dismiss the petition based on its untimeliness. *See* Pa.R.A.P. 907. [Appellant] filed a *pro se* response. The PCRA court thereafter appointed new § 9545 PCRA counsel, who filed a Second Amended Petition.

The Second Amended Petition, which included the arguments of the Amended Petition, asserted that [Appellant's] petition was timely because it was filed within 60 days of the order in *Commonwealth v. Armstrong*, 107 A.3d 735 (Pa., filed December 30, 2014), in which the Supreme Court held that a third-strike sentence under Section 9714(a)(2) requires prior sentencing as a second-strike offender. *Id.* (adopting the reasoning set forth in *Commonwealth v. Armstrong*, 74 A.3d 228, 239-42 (Pa. Super. 2013)).

The Second Amended Petition also argued that [Appellant's] third-strike sentence was illegal according to *Alleyne v. United States*, 570 U.S. 99 (2013), which held that a trial court cannot increase a minimum sentence based upon a preponderance of the evidence, and that *Alleyne* should be applied retroactively to cases on collateral review pursuant to *Montgomery v. Lousiana*, 136 S.Ct. 718 (2016). The Second Amended Petition further argued [Appellant's] third-strike sentence was illegal because Section 9714(a)(2) was unconstitutionally vague, and advanced claims of trial counsel ineffectiveness.

The court held an evidentiary hearing. At the hearing, in addition to the claims raised in his Second Amended

Petition, [Appellant] raised the claim that his pretrial counsel was ineffective for failing to communicate a plea deal. [Appellant] alleged he discovered this alleged failure during the course of the PCRA proceedings. [Appellant] also asserted his petition was timely due to governmental interference during the sentencing proceedings, and that it was timely due to the decision of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which struck a federal sentencing statute as unconstitutionally vague. [Appellant] testified at the hearing, as did his pretrial counsel and the trial prosecutor. Following the hearing, the PCRA court dismissed the petition as untimely.

[Appellant] appealed, and filed a request to proceed *pro se*. We remanded the case for the PCRA court to conduct a *Grazier* hearing. Order, 9/17/18 (*per curiam*). The PCRA court conducted a hearing, allowed counsel to withdraw, and appointed standby appellate counsel. [Appellant represented] himself on appeal.

*Commonwealth v. McCollister*, 225 A.3d 1190 (Pa. Super. 2019) (unpublished memorandum at 4) (footnotes omitted). On December 30, 2019, this Court affirmed the denial of Appellant's PCRA petition as untimely filed. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On January 20, 2020, Appellant filed the instant *pro se* PCRA petition.[1] Therein, Appellant argued that Kathleen Bernard, the victim in a 1987 Delaware burglary conviction that constituted one of the convictions triggering

---

[1] The postage order/receipt accompanying Appellant's PCRA petition indicates that Appellant submitted his petition to prison officials on January 20, 2020, for mailing. Accordingly, although Appellant's *pro se* document was entered on the docket on January 24, 2020, we shall deem it to have been filed on January 20, 2020, when it was handed to prison officials. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

the imposition of the three strikes mandatory minimum sentence, was alive at the time of Appellant's sentencing hearing and that the Commonwealth had misrepresented that she was no longer alive.

According to Appellant, his petition should be considered timely based on the governmental interference and newly-discovered facts exceptions to the PCRA's time bar.[2]  He also raised an ineffective assistance of sentencing counsel claim for failing to investigate the living status of Bernard at the time of the sentencing hearing because Bernard would have testified that she had invited Appellant into her home.

Appellant filed a subsequent PCRA petition,[3] as well as a supplemental PCRA petition.[4]  In the supplemental petition, Appellant challenged the legality of his sentence and the validity of his waiver of trial counsel.  In so doing, Appellant contended that this Court's prior determinations that Appellant's

---

[2] As discussed *infra*, there are three exceptions to the PCRA's one-year time bar.  **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

[3] In this petition, Appellant raised the same issues as in the January 20, 2020 petition.

[4] Supplemental petitions may only be filed with leave of court.  Although the PCRA court did not grant Appellant leave to file a supplemental petition, it implicitly granted leave by considering it within its notice of intent to dismiss. **See Commonwealth v. Brown**, 141 A.3d 491, 504 n.12 (Pa. Super. 2016) (citations omitted) (noting that our Supreme Court "has condemned the unauthorized filing of supplements and amendments to PCRA petitions, and held that claims raised in such supplements" without leave of court "are subject to waiver[,]" unless there is evidence that the "PCRA court considered the supplemental materials prior to dismissing the petition[,]" thereby implicitly granting leave to amend).

sentence was legal and that his waiver of counsel colloquy was knowing and intelligent were erroneous and would create a manifest injustice if followed. He also argued that PCRA counsel was ineffective for failing to raise these claims in his prior PCRA petition.

On July 22, 2020, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing on the basis his claims were without merit. Appellant filed a response, objecting to the notice of intent to dismiss. On August 18, 2020, the PCRA court dismissed Appellant's PCRA petition. This timely *pro se* appeal followed. All Pa.R.A.P. 1925 requirements have been sufficiently met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions" (verbatim):

1. Did the appellant have the right pursuant to Pa.R.Crim.P. 904 to the effective assistance of counsel, that would review the record, then brief and present all meritorious claims in appellants first pcra?

2. Was the assistance given by appointed counsel sufficient to satisfy Pa.R.Crim.P. 904, and Pennsylvania Supreme and Superior Court precedents and holdings regarding counsels duties and obligations for an appellants first pcra?

3. Was Mr. Henry Hilles, Esq. ineffective for refusing to present and argue a coherent and comprehensive challenge to the legality and constitutionality of 9714(a)(1), (d), and (g) provisions as applied to appellants case?

4. Was Mr. Hilles ineffective for refusing to present and argue sentencing and post-sentence counsels [*sic*] ineffectiveness for failing to challenge the prior conviction evidence and sentencing of appellant as a three strike violent offender?

5. Was Mr. Hilles ineffective for refusing to argue that the original direct appeals panel (1401 EDA 2009) overlooked, and or misapprehended the fact that appellant was never sentenced as a first or second strike violent offender, and the law of the case conflicts with Supreme and Superior Court precedent and holdings?

6. Was Mr. Hilles ineffective for failing to argue that a departure from the law of the case was required in order to correct and prevent a manifest injustice due to an illegal sentence of 25 to Life without parole?

7. Was there a conflict of interest, and was the conflict prejudicial to appellant, when Mr. Hilles, while representing appellant, was pursuing, and then campaigned and became a Montgomery County Court of Common Pleas Judge?

8. Was Mr. Hilles, Esq. ineffective for arguing that **_Commonwealth v. Armstrong_** was new constitutional law?

9. Did the pcra court commit legal error and or abuse its discretion when it denied an evidentiary hearing regarding the newly discovered facts with regard to Mrs. Kathleen Bernard's availability?

10. Was the pcra court's standard and scope of review with regard to the newly discovered facts claim error?

11. Did the appellant have a State and Federal constitutional right to confront Mrs. Bernard, and present any and all mitigating and defense evidence to challenge sentencing as a violent offender, via Mrs. Bernard's testimony prior to and during the sentencing process?

12. Was Mr. Henry Milles, Esq. ineffective for failing to protect appellant's sixth (6th) amendment rights to confront and cross-examine Mr. Dennis Caglia, Esq. at the 11-21-16 evidentiary hearing?

13. Did the pcra court commit legal error when it allowed Mrs. Sharon Meisler, Esq. or Mr. Henry Hilles, Esq. to withdraw without the court trying to resolve the issues, or order the filing of a no-merit letter?

> 14. Did the pcra court commit legal error when it refused to address and answer #1, 2, 3, 4, 8, and 9 of appellants 1925(b)

Appellant's Brief at 9-10.

> Initially, we note the following:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa. Super. 2012) (quotation marks and quotations omitted). However, before reaching the merits of Appellant's claims on appeal, we must first determine whether Appellant's PCRA petition was timely filed as this implicates our jurisdiction.[5]

---

[5] We observe that the PCRA court did not address the timeliness of Appellant's petition before dismissing it. In the PCRA context, statutory jurisdiction cannot be conferred by silence, agreement, or neglect. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000). Further:

> The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. [A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA.

***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal citations omitted). Thus, we address this issue *sua sponte*. ***See Commonwealth v. Yarris***, 557 Pa. 12, 731 A.2d 581, 587 (1999) ("Because the timeliness implicates our jurisdiction, we may consider the matter *sua sponte*.") (citation omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010)

(citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

- 8 -

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[6] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, as this Court has previously held, Appellant's judgment of sentence became final on September 29, 2010, upon "expiration of the time to seek review in the Pennsylvania Supreme Court[.]" *McCollister*, 225 A.3d 1190 (unpublished memorandum at 5). Appellant filed the instant PCRA petition on January 20, 2020, and therefore, it is patently untimely.

In his PCRA petition, Appellant invoked the governmental interference and newly-discovered facts exceptions based upon his learning in 2019 that Bernard was alive at the time of his December 29, 2008, sentencing hearing. Appellant argued that, during the sentencing hearing, he allegedly asked

---

[6] 42 Pa.C.S.A. § 9545(b)(2) previously provided that a petition invoking a timeliness exception was required to be filed within sixty days of the date the claim could first have been presented. However, effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." **See id.**, cmt. Appellant filed the instant PCRA petition on January 20, 2020.

defense counsel to call Bernard as a witness regarding the 1987 incident because she would testify that she had invited Appellant and another individual into her home and it was the other individual who had stolen an item from Bernard's home. Appellant argues that such testimony would have removed the 1987 incident as a prior strike.

According to Appellant, the Assistant District Attorney ("ADA") told the sentencing court that Bernard was not alive, and defense counsel purportedly responded off-the-record to Appellant's request that "[i]t did not matter because the witnesses were dead." *Pro se* PCRA Petition Memorandum in Support, 1/20/2020, at 2-3.

As to the governmental interference exception, Appellant argued that he "was prevented from examining a material witness with mitigating evidence that would have prevented sentencing as a three-strike offender." *Id.* at 3.

As to the newly-discovered facts exception, Appellant argued that the date of Bernard's death was an unknown fact, and he had attempted to obtain information relating to his prior convictions since 2010. *Id.* at 4. Appellant contended that he timely invoked these exceptions because he was unaware that Bernard was alive at the time of his sentencing hearing until he received a message from Pastor Margaret Guy on February 13, 2019, which included Bernard's obituary stating that she passed away on May 30, 2009,

approximately five months after Appellant's sentencing hearing. *Pro se* PCRA Petition Memorandum in Support, 1/20/2020, at 3, Exhibits A, A1.

By way of background, at Appellant's sentencing hearing, the Commonwealth presented the testimony of the arresting officers in two prior burglary cases, which formed the basis of Appellant's two prior strikes for purposes of imposing the three strikes mandatory minimum sentence. Regarding the 1987 burglary at Bernard's home in Delaware, the Commonwealth called Philip Freccia, who investigated the incident and arrested Appellant. The sentencing court inquired as to whether Bernard was still alive, and the following exchange occurred.

> [ADA]: They are not alive, to the best of my knowledge, Your Honor. I did not confirm with a death certificate, but at this point it would be extremely unlikely that they would be alive.
>
> THE COURT: How old would she be?
>
> [FRECCIA]: Ninety something probably.
>
> [ADA]: Nine-nine or 102. I believe 102.

N.T., 12/29/2008, at 13. In further support of this first strike, the Commonwealth submitted a certified copy of the conviction. **See id.** at 18. During his allocution, Appellant stated in pertinent part as follows.

> I don't even know about those charges that those cops was [*sic*] talking about. I was young. I don't remember what that was about. I don't even understand none of that. I do know that when I was young that I did some burglaries that were businesses and I remember that. But I don't remember, you know, no old ladies and none of that kind of stuff.

*Id.* at 25-26.

We first consider whether Appellant has pleaded and proved the governmental interference exception.

> In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1268 (2008). In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 598 Pa. 574, 959 A.2d 306, 310 (2008).

*Commonwealth v. Vinson*, 249 A.3d 1197, 1205 (Pa. Super. 2021).

At Appellant's sentencing hearing, the Commonwealth told the court that it believed Bernard had passed away given that she would have been at least in her nineties at that point, but noted that it had not confirmed whether she was living or dead. The Commonwealth's response to Appellant's statement, "But, I don't remember, you know, no old ladies and none of that kind of stuff" as to Bernard's living status did not interfere with Appellant's ability to call her as a witness at that hearing. Consequently, Appellant has failed to plead and prove his entitlement to the governmental interference timeliness exception under Subsection 9545(b)(1)(i).

We next consider Appellant's invocation of the newly-discovered facts exception. "The timeliness exception set forth in [Subsection] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the

exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). With regard to due diligence, we are guided by the following: "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Id.*** (citations omitted).

In the case *sub judice*, we conclude Appellant has failed to demonstrate the necessary due diligence to invoke the newly-discovered facts exception. Appellant alleged in his petition that he did not learn of Bernard's date of death until he was mailed her obituary in February 2019. He argues that he established due diligence because despite searching for information on his prior strike convictions since 2010, the law library staff had not provided him certain information available online per their internal policy.

However, Appellant did not explain how Pastor Guy was able to locate this information or why it took Appellant nearly ten years to discover Bernard's date of death. Consequently, Appellant has failed to plead and prove his entitlement to the newly-discovered facts timeliness exception under Subsection 9545(b)(1)(ii).

Finally, Appellant argues that this Court granted him permission to file the instant petition. ***See*** *Pro se* PCRA Petition Memorandum in Support, 1/20/2020, at 2. Specifically, Appellant relies on our decision to "decline review of [his premature ineffective assistance of PCRA counsel] claims,

without prejudice to [Appellant] to raise them in a subsequent, timely PCRA petition." ***McCollister***, 225 A.3d 1190 (unpublished memorandum at 10).[7]

Appellant has misconstrued this Court's holding, which did not remand for Appellant to file a PCRA petition raising those claims. Rather, this Court merely stated the law: that the proper method for Appellant to present these claims would be in a subsequent, **timely** PCRA petition.

> [O]ur Supreme Court has made it clear that "there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel." ***Commonwealth v. Robinson***, 635 Pa. 592, 139 A.3d 178, 186 (2016). Additionally, the ***Robinson*** Court clarified that it "has never suggested that the right to effective PCRA counsel can be enforced via an untimely filed PCRA petition." ***Id.***

***Commonwealth v. Laird***, 201 A.3d 160, 163 (Pa. Super. 2018).[8]

---

[7] By way of background, the PCRA court did not file a notice of intent to dismiss Appellant's first PCRA petition because it held a hearing. Thus, Appellant was unable to raise his ineffective assistance of PCRA counsel claims before the PCRA court and was precluded from doing so for the first time on appeal. ***McCollister***, 225 A.3d 1190 (unpublished memorandum at 10).

[8] Under limited circumstances, a petitioner may plead the newly-discovered facts exception based upon PCRA counsel's ineffectiveness. ***See Commonwealth v. Petersen***, 648 Pa. 313, 192 A.3d 1123, 1130 (2018) (holding that PCRA counsel's ineffectiveness may constitute a newly-discovered fact for purposes of Subsection 9545(b)(1)(ii)'s timeliness exception "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims"). In the case *sub judice*, while Appellant raised substantive claims of PCRA counsel's ineffectiveness, he did not base his invocation of the newly-discovered facts exception on PCRA counsel's ineffectiveness. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted). Because Appellant did not plead and prove the newly-discovered facts exception based on PCRA counsel's ineffectiveness

*(Footnote Continued Next Page)*

Although Appellant's first opportunity to raise claims challenging the ineffectiveness of his prior PCRA counsel was in the present petition, we affirm the dismissal of Appellant's serial petition because it was untimely filed.[9]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date:* 10/27/2021

---

in his PCRA petition, he has not demonstrated that he is entitled to Subsection 9545(b)(1)(ii)'s timeliness exception on this basis.

[9] We may affirm the decision of the PCRA court if there is any basis in the record to support its action. **See Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009).