J-S13034-23
J-S13035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAHLEEL J. HARLEM :
:
Appellant : No. 1419 EDA 2022

Appeal from the Judgment of Sentence Entered March 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003828-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAHLEEL J. HARLEM :
:
Appellant : No. 1420 EDA 2022

Appeal from the PCRA Order Entered May 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003828-2018

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 24, 2023**

Jahleel J. Harlem purports to appeal ***nunc pro tunc*** from the March 2,

2020 aggregate judgment of sentence of 3½ to 8 years' imprisonment,

followed by 5 years' probation, imposed after the PCRA court granted, in part,

his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

---

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S.A. §§ 9541-9546, and restored his right to file a direct appeal. Appellant has also filed a related appeal from the PCRA court's May 10, 2022 order, to the extent it denied that portion of his PCRA petition which sought permission to file additional post-sentence motions. Upon review, we hold that the PCRA court had no jurisdiction to reinstate Appellant's direct appeal rights ***nunc pro tunc***. Accordingly, we vacate the court's order granting Appellant leave to file a ***nunc pro tunc*** appeal from the judgment of sentence and dismiss these appeals for lack of jurisdiction.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On September 12, 2018, [Appellant] pled guilty to one felony count of robbery and one felony count of conspiracy. In accordance with the tendered and accepted negotiated plea, Appellant was immediately sentenced to a concurrent sentence of three (3) years of reporting probation with expressed conditions. No appeal was taken.
>
> From the outset, Appellant missed some probation appointments and a scheduled FIR evaluation. About a month after sentencing, Appellant violated probationary supervision upon his arrest in Montgomery County for a Berks County warrant that had been docketed under CP06-CR-0005498-2018 with alleged criminal activity reported to have occurred on October 10, 2018 and involving charges of aggravated assault, robbery, conspiracy, theft, conspiracy to receive stolen property, strangulation, simple assault, recklessly endangering another person, and harassment. Appellant was sentenced in Berks County on April 4, 2019 for robbery and conspiracy to commit robbery. He was sentenced to nine (9) to twenty-three (23) months of incarceration followed by three (3) years of probation. He was

arrested in Berks County for another criminal matter under docket number CP-06-CR-0001982-2019 with a criminal activity date reported of March 8, 2019, and charged with aggravated assault and harassment. On November 12, 2019, Appellant was found guilty of harassment with no further penalty.

On December 5, 2019, a **Gagnon II** hearing was held, and Appellant was found to be in direct and indirect violation of probation. Revocation ensued and a pre-sentence report and mental health evaluation was ordered. On February 6, 2020, following full evidentiary hearing, Appellant was sentenced to [an aggregate term of 5 to 10 years' imprisonment, followed by 4 years' probation]. Credit for time served was ordered.

On December 18, 2020, Appellant's counsel filed a Motion for Reconsideration of VOP Sentence. On March 2, 2020, a full hearing was held concerning the motion and the prior sentence was vacated and a reduced sentence was imposed. Appellant was then sentenced to [an aggregate term of 3½ to 8 years' imprisonment, followed by 5 years' probation]. Credit for time served was ordered. Again, no appeal was filed.

On November 9, 2020, Appellant filed [an untimely] Notice of Appeal to the Superior Court (2286 EDA 2020). On March 3, 2021, the Superior Court of Pennsylvania quashed the appeal for Appellant's failure to respond to the Court's Order to Show Cause issued on January 29, 2021.

On August 3, 2021, a petition pursuant to the Post-Conviction Relief Act ("PCRA")[, 42 Pa.C.S.A. §§ 9541-9546,] was filed by Appellant seeking to have his appellate rights reinstated. Appellant filed an Amended petition on August 10, 2021. Peter A. Levin, Esquire was appointed as counsel and a counseled Amended Petition was filed on February 14, 2022. On May 10, 2022, this Court granted the petition to permit reinstatement of his direct appellate rights concerning his sentencing claims and denied

the petition seeking allowance of a second post-sentence motion.

PCRA court opinion, 8/12/22 at 2-4 (citations, extraneous capitalization, and footnote omitted).

Appellant filed two separate timely notices of appeal on May 18, 2022. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue with respect to his March 2, 2020 judgment of sentence: "Whether Appellant's sentence was unduly harsh and excessive[?]" Appellant's brief (1420 EDA 2022) at 7.

Appellant also raises the following issue with respect to the PCRA court's May 10, 2022 order denying, in part, his PCRA petition: "Whether the [PCRA court] erred in dismissing Appellant's [PCRA] petition claiming ineffective assistance of counsel for failure to file a motion to reconsider sentence?" Appellant's brief (1419 EDA 2022) at 7.

Before we can address the merits of Appellant's issues, however, we must determine if the PCRA court had jurisdiction to restore Appellant's rights to a direct appeal such that these appeals are properly before us for review. The timeliness of a PCRA petition is a jurisdictional requisite because it implicates the authority of this Court to grant any relief. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). This Court has long recognized that "[w]e can raise ***sua sponte*** the timeliness of a PCRA petition because it is an issue of the court's jurisdiction." ***Commonwealth v. Balance***, 203 A.3d 1027, 1032 (Pa.Super. 2019) (citation omitted).

- 4 -

Additionally, "the PCRA time limitations … may not be altered or disregarded in order to address the merits of the petition." *Commonwealth v. Laird*, 201 A.3d 160, 161–162 (Pa.Super. 2018) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on April 2, 2020, 30 days after the trial court resentenced him for robbery and criminal conspiracy,[1] and the time for filing a timely, direct appeal with this Court expired. *See id.* Appellant's *pro se* notice of appeal filed November 9, 2020, which was ultimately quashed by this Court as untimely, did not toll the date when his judgment of sentence became final under Section 9543(b)(3). *See per curiam* order, 3/3/21. It is well settled that "[an] untimely filing does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final." *Ballance*, 203 A.3d at 1031 (citation omitted).

---

[1] 18 Pa.C.S.A. §§ 3701 and 903, respectively.

Accordingly, Appellant had until April 2, 2021 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant's instant PCRA petition was filed on August 3, 2021, more than 4 months late, and was thus untimely, unless he properly pled and proved that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, we find that Appellant failed to prove any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). On the contrary, Appellant's argument focuses primarily on the purported ineffectiveness of his prior counsel for failing to file post-sentence motions and a notice of appeal in response his March 2, 2020 judgment of sentence.

- 6 -

However, out Supreme Court has repeatedly recognized that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citation omitted).

Thus, we hold the PCRA court had no jurisdiction to restore Appellant's direct appeal rights ***nunc pro tunc*** via his untimely petition. ***See Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (holding that Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition). Likewise, we have no jurisdiction to entertain Appellant's appeals. ***See id.***

For these reasons, we vacate the PCRA court's May 10, 2022 order granting Appellant leave to file a ***nunc pro tunc*** appeal from the March 2, 2020 judgment of sentence and dismiss the current appeals for lack of jurisdiction. ***See Commonwealth v. Hall***, 771 A.2d 1232 (Pa 2001) (vacating court order granting leave to file appeal ***nunc pro tunc*** and dismissing appeal filed, where remedy sought was available under PCRA and subject to its requirements on timely filing).

Appeals dismissed.

J-S13034-23
J-S13035-23

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2023